NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NJ BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF,<br><br>Petitioner,<br><br>v.<br><br>L. GREEN LLC,<br><br>Respondent. | Civil Action No. 25-566 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof's ("Petitioners" or "Funds") Petition (ECF No. 1, "Petition") and Motion (ECF No. 2, "Motion") to confirm an arbitration award against L. Green LLC ("Respondent"). Respondent failed to appear in this action and failed to oppose the subject Motion. The Court has considered the Petitioner's submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Petitioners' Motion to Confirm the Arbitration Award is **GRANTED**.

## I.       BACKGROUND

    This matter arises out of a collective bargaining agreement ("CBA") and Declaration of Trust to which Petitioners and Respondent are signatories. (ECF No. 1 ¶¶ 6, 7.) According to the Petition, Petitioners are trust funds within the meaning of the Labor Management Relations Act (29 U.S.C. § 186(c)(5), "LMRA") and employee pension benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1132, "ERISA"). (*Id.* ¶ 2.) Under

the CBA and Declaration of Trust, Respondent was required to make contributions to the Funds. (*Id.* ¶ 7.) In response to "delinquent contributions to the Funds," Petitioner sought to have "a Permanent Arbitrator [] appointed" "in accordance with the Trust Agreement." (*Id.* ¶ 8.)

On November 26, 2024, the Arbitrator, after conducting a hearing, issued an award in favor of Petitioners. (*Id.* ¶ 1; *Id.* at 22–25 ("Award").) As part of the "Award and Order," the Arbitrator found that Respondent (i) was a "signatory to the Agreement" (Award ¶ 1); (ii) was "obligated to contribute benefit contributions" (Award ¶ 3); and (iii) "failed to make required contributions to the Funds from July 8, 2024 through August 11, 2024 in an estimated amount of $17,190.24 (for hours of work performed)" (Award ¶ 4). For failing to meet their obligation to make contribution payments, the Arbitrator found that the Respondent owes the following amounts:

- Principal: $17,190.24
- Interest: $937.45
- Liquidated Damages: $3,438.05
- Reasonable Attorneys' Fees: $3,905.30
- Arbitrator's Fee: $900

(Award ¶ 7.) In all, the Arbitrator found that Respondents owed $26,271.04. (ECF No. 1 at 24.) In this Court, Petitioner filed both their Petition and Motion on January 16, 2025 (*see* ECF Nos. 1, 2) and filed a Certificate of Service certifying that all the Petition, Motion and other documents were sent "via first class and certified mail/r.r.r, to Respondent" at a Neptune, New Jersey address (*see* ECF No. 2-4).

## II.    Review of Arbitration Award

The entry of judgement by a federal district court on an arbitration award is governed by Section 9 of the Federal Arbitration Act ("FAA"). That section provides, in relevant part, that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to [a] court . . . for an

order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. The Third Circuit has noted it is "'a steep climb to vacate an arbitration award.'" *StoneMor, Inc. v. Int'l Bhd. of Teamsters, Loc. 469*, 107 F.4th 160, 163 (3d Cir. 2024) (quoting *France v. Bernstein*, 43 F.4th 367, 377 (3d Cir. 2022)). "Courts are not authorized to reconsider the merits of an arbitrator's award." *New Jersey Bldg. Laborers Statewide Benefit Funds & Trustees Thereof v. Landscape Servs., Inc.*, No. 10-3825, 2010 WL 3636331, at *2 (D.N.J. Sept. 8, 2010) (quoting *United Parcel Serv., Inc. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen, & Helpers, Loc. Union No. 430*, 55 F.3d 138, 141 (3d Cir. 1995)). "There is a strong presumption under the Federal Arbitration Act in favor of enforcing arbitration awards." *Hamilton Park Health Care Ctr. Ltd. v. 1199 SEIU United Healthcare Workers E.*, 817 F.3d 857, 861 (3d Cir. 2016) (citation and alteration omitted). "'The standard of review of an arbitrator's decision is extremely deferential.'" *France v. Bernstein*, 43 F.4th 367, 377 (3d Cir. 2022) (quoting *Indep. Lab'y Emps.' Union, Inc. v. ExxonMobil Rsch. & Eng'g Co.*, 11 F.4th 210, 215 (3d Cir. 2021)). Section 10(a) of the FAA provides the very narrow grounds for vacating an arbitration award, which include corruption, fraud or undue means in the procurement of the arbitration award. *See id.* (citing 9 U.S.C. § 10(a)). Thus, district courts "generally [] affirm easily the arbitration award." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003).

The record in this case supports the Arbitrator's conclusion that Respondent was delinquent on their required contributions to the Funds. Petitioners filed their Motion within the required one-year period: the Arbitration award was issued on November 26, 2024 and the Motion was filed less than two months later, on January 16, 2025. (*See* Award; ECF No. 2); *see also* 9 U.S.C. § 9. Petitioners certified that they served the Petition and Motion on Respondent by certified mail with return receipt requested, (ECF No. 2-4), as authorized by the FAA and Federal Rule of Civil

Procedure 5. *See* 9 U.S.C. § 9 ("Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."); *see also* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address--in which event service is complete upon mailing.").

Respondent did not appear before the Arbitrator or this Court. (*See* ECF No. 1 at 22.) The CBA and Declaration of Trust permitted the Arbitrator's award of interest, attorneys' fees, and liquidated damages. (*See* ECF No. 1 at 15; *see also* Award ¶ 5.) Accordingly, the Court finds the Award of November 26, 2024 to be consistent with the CBA and Declaration of Trust, and the Court will confirm the Award.

For the reasons set forth above, and for good cause shown,

**IT IS** on this 10th day of February, 2025,

**ORDERED** that Petitioners' Motion to Confirm the Arbitration Award (ECF No. 2) is **GRANTED**; and it is further

**ORDERED** that the Arbitrator's Award and Order, dated November 26, 2024 (ECF No. 1 at 22–25) is **CONFIRMED**; and it is further

**ORDERED** and **ADJUDGED** that Petitioners shall recover the Arbitration Award of $26,271.04 from Respondent; and it is further

**ORDERED** that Petitioners shall recover the Court's filing fee in the amount of $405.00 from Respondent in accordance with the Arbitrator's Award and Order (*see* ECF No. 1 at 25); and it is further

**ORDERED** Clerk of Court is directed to terminate the motion pending at ECF No. 2; and it is further

**ORDERED** Clerk of Court shall close the case.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE